# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-2077 MRW | Date | October 12, 2017 |
|---|---|---|---|
| Title | Charleston v. Langford | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER DISMISSING § 2241 ACTION

     Petitioner is an inmate at the federal prison facility at Lompoc, California. He filed a habeas petition in this Court under 28 U.S.C. § 2241 seeking review of sentencing enhancements applied to his federal convictions.

     The Court concludes that it lacks jurisdiction to hear Petitioner's claims. It therefore grants the government's motion to dismiss the action.

## Procedural History

     1.    Petitioner was convicted for his role in two robbery / carjacking offenses in Indiana that occurred in 2000. He was also convicted of two counts of using and carrying a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1). The Seventh Circuit Court of Appeals affirmed Petitioner's convictions. United States v. Charleston, 63 F. App'x 951 (7th Cir. 2003).

     2.    Petitioner pursued collateral relief under 28 U.S.C. § 2255 for many years after his conviction became final. According to an order from the Seventh Circuit (the appellate court's authorization was necessary to bring a second or successive motion under the statute), what may have been Petitioner's fifth application for leave to file a new petition was denied as frivolous and led to a significant sanction in 2014. (Docket # 16-7.)

     3.    In 2015, the Supreme Court invalidated a portion of 18 U.S.C. § 924(e). Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). With the assistance of an appointed attorney, Petitioner again sought leave from the Seventh Circuit to pursue a Section 2255 motion to vacate his conviction in reliance on Johnson. (Docket # 16-8.)

  4. The Seventh Circuit denied the request in mid-2016. In an extremely detailed decision, the Seventh Circuit concluded that <u>Johnson</u> had no application to either of his convictions. The appellate court analyzed both of Petitioner's underlying robbery and carjacking offenses. The court determined that both crimes overtly involved the actual or threatened use of physical force against victims, which put the crimes within the "elements" clause of 18 U.S.C. § 924(c)(3)(A) – which rendered them unaffected by the <u>Johnson</u> decision. (Docket # 16-1.)

  5. The Seventh Circuit concluded that "both of Charleston's convictions for using a firearm during a crime of violence remain valid because the predicate offenses fall under the elements clause of § 924(c). Accordingly, we DENY authorization and DISMISS Charleston's application" for leave to pursue a Section 2255 motion in the district court. (<u>Id.</u> at 7.)

  6. Petitioner's action in this Court – the Central District of California – raised <u>Johnson</u>-based challenges to his Section 924 convictions as he did in the 2016 application to the Seventh Circuit. In his petition and supporting documents, Petitioner contended that he was entitled to take advantage of the "escape hatch" to Sections 2241 and 2255 (discussed below).

**Legal Analysis**

  7. Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction only under 28 U.S.C. § 2255. <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1046 (9th Cir. 2011). However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to "challenge the manner, location, or conditions of a sentence's execution" by habeas review in the district in which the inmate is confined. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000).

  8. The statutes overlap in the "exceptional case" in which a petition "qualifies for the escape hatch of [Section] 2255, and can legitimately be brought as a [Section] 2241 petition." <u>Harrison v. Ollison</u>, 519 F.3d 952, 958 (9th Cir. 2008). The "escape hatch" provision under Section 2255(e) allows a federal prisoner to pursue relief under Section 2241 where it appears that a habeas petition in the sentencing court is "inadequate or ineffective to test the legality of his detention." <u>Id.</u> at 956. To apply the escape hatch, a district court must first answer the "threshold jurisdictional question" of "whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim." <u>Marrero v. Ives</u>, 682 F.3d 1190, 1194 (9th Cir. 2012).

9. A prisoner may qualify for the escape hatch – and bring a Section 2241 petition in the district in which the prisoner is incarcerated – when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Alaimalo, 645 F.3d at 1047 (quotation omitted).

\* \* \*

10. In the present action, Petitioner's habeas claims cannot get him through the escape hatch. Petitioner clearly had a post-Johnson "unobstructed procedural shot" at challenging his conviction. With the assistance of an appointed attorney, Petitioner submitted a coherent, well-documented request to a federal appeals court for leave to pursue further habeas relief in the district court. Based on the length and breadth of the Seventh Circuit's decision, that court gave real consideration to Petitioner's claims. However, the court concluded as a matter of law that Petitioner's convictions were unaffected by Johnson.

11. That ruling prevents Petitioner from filing the same legal challenge in this district under Section 2241. Petitioner's petition in this Court is obviously a disguised Section 2255 motion: it's the same claim for which he asked the Seventh Circuit to give him permission to file a new Section 2255 motion in the court of conviction. Marrero, 682 F.3d at 1194.

12. And the Seventh Circuit did more than deny permission on procedural or conclusory grounds. It effectively addressed the merits of Petitioner's Johnson claims. Petitioner wasn't denied a "procedural shot" at habeas relief in Indiana – he took his shot, and simply missed as a matter of law. Alaimalo, 645 F.3d at 1047.

13. Petitioner offers no other legitimate argument as to why his claim is so "exceptional" that he should get another crack at it in this Court. Harrison, 519 F.3d at 958. As best the Court understands it, Petitioner relies on the fact that he could not advance his Johnson argument on direct appeal or in his original, pre-Johnson Section 2255 motion. (Docket # 26 at 4.) That's true, but it ignores the substantive consideration that Petitioner received from the Seventh Circuit when he did present his post-Johnson application. Petitioner has no credible basis to get through the "escape hatch" in light of that decision.

**Conclusion**

14. The Court concludes that it does not have jurisdiction over Petitioner's disguised Section 2255 motion. As a result, the action must be dismissed without prejudice.